**IT IS ORDERED as set forth below:**



Date: July 22, 2013

_____

W. Homer Drake
U.S. Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| In RE: KENNETH L. GREEN and CYNTHIA R. GREEN, | : : : : : : : | Chapter 11 |
| Debtors | | Case 12-11393 |
| _____ | | |

**ORDER CONFIRMING PLAN**

The above-captioned bankruptcy case came before the Court for hearing on July 19, 2013 at 10:10 am. (the "Hearing") to consider confirmation of the Plan (as defined herein). On June 12, 2013, Debtor filed its "First Amended Disclosure Statement" ("Disclosure Statement") and on June 12, 2013 filed its "Amended Plan of Reorganization" ("Plan"). (All references to Plan herein refer to the Plan as amended or modified). On June 13, 2013, the Court entered an "Order (A) Approving Disclosure Statement (B) Establishing Balloting and Objection Deadlines, And (C) Scheduling Confirmation Hearing."

1

**The Confirmation Hearing and Plan Modifications**

1. At the Hearing, J. Nevin Smith appeared on behalf of Debtor and R. Jeneane Treace appeared on behalf of the United States Trustee.

2. At the Hearing, R. Jeneane Treace announced that the United States Trustee had no objection to confirmation the Plan. No party appeared in opposition to confirmation of the Plan.

Based upon the Court's acceptance of the unopposed evidentiary proffer of testimony and evidence made at the Hearing, and the entire record in this case, and upon the Court's findings of fact and conclusions of law made on the record at the Hearing which are adopted herein pursuant to the provisions of Federal Rule of Civil Procedure 52(a) as made applicable by Federal Rules of Bankruptcy Procedure 7052 and 9014, the Plan should be confirmed and further based upon the following determinations by the Court:

1. Debtor and Debtor's respective agents, representatives, attorneys, and advisors have solicited votes on the Plan in good faith and in compliance with applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code.

2. Debtor, as proponent of the Plan, established, upon the unopposed proffer of evidence and testimony by counsel for Debtor, that the Plan satisfies the requirements of Section 1129(a) and (b) of the Bankruptcy Code.

3. As evidenced by the balloting report and submissions at the Confirmation Hearing, at least one impaired class of claims, determined without including any acceptance by an insider of Debtor, has voted to accept the Plan. Specifically, Class 2, Class 4 and Class 6accepted the Plan. With respect to Classes 1 and 2, the priority tax claim's of the Internal

Revenue Service and Troup County Tax Commissioner, respectively, the Debtor was required to establish, and the Court finds that Debtor's Plan does satisfy the requirements of 11 U.S.C 1129(b). Specifically, the Plan provides that all tax payments will be made, with interest, within 60 months of the Effective Date as defined in the Plan. Accordingly, with respect the treatment of Class 1 and Class 2 under the Plan, the Court finds that such treatment satisfies the requirements of the Bankruptcy Code. Accordingly, it is hereby

**ORDERED** that the foregoing determinations, enumerated in Paragraphs 1-3, are hereby incorporated into this Order as fully set forth herein. It is further

**ORDERED** that the Plan is *confirmed* pursuant to 11 U.S.C. §1129. All provisions of the Plan shall bind Debtor, all entities receiving property under the Plan, all Creditors and all Interest Holders, whether or not the Claims or Interests of such Creditors or Interest Holders are impaired under the Plan, and whether or not such Creditors or Interest Holders have accepted the Plan. It is further

**ORDERED** that:

A. The provisions of the Plan and this Order are not severable and are mutually dependent.

B. Notwithstanding any language to the contrary in the Plan as herein confirmed, this Court retains jurisdiction in this case for the limited purposes set forth in the Plan, subject to the limitations of Bankruptcy Rules.

C.	The automatic stay in effect in this case pursuant to Section 362(a) of the Bankruptcy Code shall continue in effect until the Effective Date, and at that time shall be dissolved and of no further force or effect; provided, however, that nothing shall bar the filing of financing documents or taking of such other actions as are necessary to effectuate the transactions specifically contemplated by the Plan or this Order prior to the Effective Date.

**End of Order**

Prepared and Presented by:
J. Nevin Smith
Smith Conerly LLP

/s/ J. Nevin Smith
J. Nevin Smith
Georgia Bar No. 661110
402 Newnan Street
Carrollton, GA 30117

<u>Distribution List</u>

J. Nevin Smith
Smith Conerly LLP
402 Newnan Street
Carrollton, GA 30117

United States Trustee
Suite 362
75 Spring Street
Atlanta, GA 30303

R. Jeneane Treace, U.S. Trustee
Suite 362
75 Spring Street
Atlanta, GA 30303

Quirk & Quirk, LLC
Lawrence R. Landry
Douglas D. Ford
Suite 300
6000 Lake Forrest Drive, NW
Atlanta, GA 30328

Jacquelyn Kneidel
Mann, Wooldridge & Kneidel, P.C.
P.O. Box 310
Newnan, Georgia 30264